UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMBER TOUCHE,<br><br>Defendant. | 3:22-CR-30039-RAL<br><br>OPINION AND ORDER DENYING MOTION TO DISMISS COUNT II WITHOUT PREJUDICE |

A federal grand jury charged Amber Touche with one count of involuntary manslaughter and one count of child abuse. Doc. 1-1. The involuntary manslaughter charge alleges that Touche killed L.T. by asphyxiating him through overlaying on June 10, 2021, while the child abuse charge alleges that Touche "did abuse, expose, torture, torment, and cruelly punish" L.T. on that same date. Doc. 1-1. Touche claims that the child abuse charge is based on the same overlaying conduct alleged in the involuntary manslaughter charge. She now moves to dismiss the child abuse charge, arguing that the child abuse statute, SDCL § 26-10-1, is unconstitutionally vague under the Fourteenth Amendment's Due Process Clause. Doc. 41. Because a ruling on Touche's motion would be premature at this stage of the case, this Court denies the motion without prejudice to Touche renewing it once the Government has introduced its evidence at trial.

I.  Analysis

South Dakota's child abuse statute creates a felony offense for "[a]ny person who abuses, exposes, tortures, torments, or cruelly punishes a minor in a manner which does not constitute

1

aggravated assault." SDCL § 26-10-1. Touche contends that, given the overlaying allegation, her child abuse charge must be based on the "expose" element of § 26-10-1. She argues that the child abuse statute is unconstitutionally vague because the term "exposes" is standardless and unclear about what conduct it proscribes. The Supreme Court of South Dakota rejected a vagueness challenge to § 26-10-1 in State v. Myers, holding that the term "expose" in the statute meant "to subject to needless risk" and that "risk" meant "the possibility of suffering harm or loss; danger." 857 N.W.2d 597, 600 (S.D. 2014) (cleaned up and citation omitted). The Supreme Court of South Dakota's construction of § 26-10-1 binds this Court but its holding that the statute is constitutional does not. Davis v. Nebraska, 958 F.2d 831, 833 (8th Cir. 1992); United States v. Gaudreau, 860 F.2d 357, 361 (10th Cir. 1988).

"A statute is void for vagueness if it: (1) fails to provide a person of ordinary intelligence fair notice of what is prohibited, or (2) it is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Paul, 885 F.3d 1099, 1105 (8th Cir. 2018) (citation omitted). Touche makes an as-applied challenge to § 26-10-1, asking this Court to declare the statute unconstitutionally vague "in light of the specific facts at hand." Doc. 42 at 6. Under an as-applied challenge to the "notice" requirement of due process, courts look "to whether the statute gave adequate warning, under a specific set of facts, that the defendant's behavior was a criminal offense." United States v. Palmer, 917 F.3d 1035, 1038–39 (8th Cir. 2019) (citation omitted). Courts considering an as-applied challenge under the discriminatory enforcement requirement of due process "may determine either (1) that a statute as a general matter provides sufficiently clear standards to eliminate the risk of arbitrary enforcement or (2) that, even in the absence of such standards, the conduct at issue falls within the core of the statute's prohibition, so that the enforcement before the court was not the result of the unfettered latitude that law enforcement

officers and factfinders might have in other, hypothetical applications of the statute." United States v. Wasylyshyn, 979 F.3d 165, 176 (2d Cir. 2020) (citation omitted); see also United States v. Cosica, 866 F.3d 782, 794 (7th Cir. 2017) (stating that a defendant could not claim that a vague statute resulted in arbitrary enforcement when his conduct fell within the statute's prohibited conduct); United States v. Burgee, 988 F.3d 1054, 1060 (8th Cir. 2021) ("When reviewing for vagueness, we first determine if a statute is vague as applied to the defendant's conduct, and only if it is will we consider whether a statute is facially unconstitutional.").[1]

Any ruling on Touche's vagueness argument would be premature at this stage of the case. Rule 12(b) of the Federal Rules of Criminal Procedure allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Courts must decide a Rule 12(b) motion before trial unless there is "good cause to defer a ruling" and deferring the ruling will not "adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d). As the Supreme Court has explained, however, Rule 12(b) authorizes pretrial resolution of a motion to dismiss only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." United States v. Covington, 395 U.S. 57, 60 (1969); see also United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016).

---

[1] At least one district court in the Eighth Circuit has concluded that, in certain limited circumstances, a defendant may raise a facial vagueness challenge without first showing that the law is unconstitutional as applied. United States v. Stupka, 418 F. Supp. 3d 402, 411–12 (N.D. Iowa 2019). The defendant in Burgee made both an as-applied and facial challenge to a statute, United States v. Burgee, 3:18-CR-30164, 2019 WL 1332858, at *6 (D.S.D. Mar. 25, 2019); Appellant Brief at 32–41, Burgee, 988 F.3d 1054 (No. 19-3034), 2019 WL 7494545, at *24–33, but the Eighth Circuit said that it would only consider a facial challenge if the statute was vague as applied to the defendant's conduct, 988 F.3d at 1060. The Eighth Circuit did not discuss any circumstances where a defendant could mount a facial attack to a statute regardless of whether he succeeded in his as-applied challenge. 988 F.3d at 1060. In any event, Touche is making only an as-applied challenge here.

The rationale for this Rule includes preventing courts from making factual findings on issues that relate to the jury's decision on the merits, the need for a more accurate record, and concerns about judicial economy. See United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010). Thus, for instance, the Eighth Circuit found good cause to defer ruling on the motion to dismiss in Turner because the defendant's as-applied constitutional challenge required the district court to resolve factual issues related to the defendant's alleged offense. 842 F.3d at 605 (holding that the district court should have waited until trial to resolve the motion to dismiss the indictment). Similarly, the Tenth Circuit in Pope affirmed the pretrial denial of a motion to dismiss because the defendant's as-applied constitutional challenge was intertwined with the question of guilt or innocence and would have required the district court to resolve factual disputes. 613 F.3d at 1261–62.

Turner and Pope counsel against deciding Touche's vagueness challenge before trial. First, Touche's motion raises questions of fact that are intertwined with the merits of the child abuse charge. See Turner, 842 F.3d at 605 (explaining that courts may not make factual findings "when an issue is inevitably bound up with evidence about the alleged offense itself" (citation and internal marks omitted)). After all, Touche asks this Court to declare § 26-10-1 unconstitutionally vague based on the specific facts of her case. Doc. 42 at 6. Resolving Touche's motion would require this Court to determine what conduct Touche engaged in on June 10, 2021, and what it was that she exposed L.M. to that day. These are the same facts a jury would need to decide when considering whether Touche was guilty of child abuse. See United States v. Peneaux, 3:18-CR-30081-RAL, 2019 WL 2482943, at *3 (D.S.D. June 14, 2019) (declining to decide a vagueness challenge to the word "exposes" in § 26-10-1 because doing so would involve resolving facts that were bound up with the jury's decision on the charge). Second, this Court needs a "more certain

4

framework" to analyze Touche's vagueness challenge. The indictment does not provide any specific facts about Touche's conduct and Touche has not provided any either. Given these circumstances, a trial on "facts surrounding the commission of the alleged offense" would assist this Court in ruling on Touche's challenge. Because good cause exists to defer ruling on Touche's vagueness argument, this Court denies Touche's motion to dismiss without prejudice to Touche renewing the motion or making the argument in the context of a Rule 29 motion once the Government has introduced its evidence at trial.

## II.     Conclusion

For the reasons stated above, it is hereby

ORDERED that Touche's Motion to Dismiss Count II for Unconstitutional Vagueness and Overbreadth, Doc. 41, is denied without prejudice to Touche making a motion for judgment of acquittal at trial.

DATED this 28th day of September, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE